

FILED
MAR. 7, 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOGAN BRADLEY LAKE, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>        Defendant. ) | Civil Action No. 22-264 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The application will be granted, and the complaint will be dismissed for lack of subject matter jurisdiction.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on Judiciary of U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citations and internal quotation marks omitted). A party has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Generally, plaintiff alleges that the former President of the United States committed fraud when, on January 6, 2021, he failed perform "an affirmative Oath of Office . . . to uphold and maintain our Constitutional form of government[.]" Compl. at 3. He alleges that defendant "told lies about election fraud" at a rally on January 6, 2021, and "deliberately concealed . . . material

information of actual election[] results from rallygoers." *Id.* at 4.  Plaintiff demands a court Order preventing the former President from asserting "executive privilege in relation . . . to January 6th, 2021," ordering the Archives to release documents to Congress, directing the former President to compensate rallygoers for court costs and to pay for damages to the Capitol building.  *Id.* at 5.

Missing from the complaint are any factual allegations establishing that plaintiff sustained (or is likely to sustain) an injury resulting from the former President's actions or any other event occurring on January 6, 2021.  "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74.  Because plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction over his claims.  The complaint must therefore be dismissed.

An Order is issued separately.

/s/
AMIT P. MEHTA
United States District Judge

DATE: March 7, 2022